UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-13-1403 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN J. THOMAS, | : | |
| Respondent | : | |

FILED
SCRANTON
NOV 27 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

Raymond Edward Chestnut, an inmate presently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Chestnut challenges a sentence imposed by the United States District Court for the District of South Carolina for convictions of conspiracy to distribute fifty grams or more of crack cocaine and, the possession, use, and carrying a firearm in a drug trafficking crime. Id. Despite a guilty plea, Chestnut claims he is actually innocent of the crimes against him because: (1) as in Bailey v. U.S., 516 U.S. 317 (1995), the prosecutor provided no information to show an active employment of a firearm in relation to a drug trafficking crime; (2) there has been a substantial change in the law which results in his firearms conviction no longer being criminal; and (3) the sole evidence to support the drug conspiracy charge was based on a statement he gave to law enforcement at the time of his arrest and constituted entrapment. Id. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**Background**

On October 5, 2006, Chestnut entered a guilty plea in the United States District Court for the District of South Carolina to the offenses of conspiracy to distribute more than fifty grams of cocaine base, and the possession, use or carrying of a firearm in connection with drug trafficking crimes. See (Doc. 17, Ex. 1, United States v. Chestnut, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet).

On May 18, 2007, Chestnut was sentenced to an aggregate term of three hundred months imprisonment. Id.

On May 31, 2007, Chestnut filed an appeal of his judgment and sentence to the Fourth Circuit Court of Appeals. Id. He then filed a motion to dismiss the appeal, which was granted by the Circuit Court on July 12, 2007. Id.

On July 26, 2010, the Court reduced Chestnut's sentence to an aggregate term of 180 months imprisonment in response to a government motion for a sentence reduction. Id.

Since his conviction, Chestnut has filed more than ten (10) challenges to his conviction and sentence before the sentencing court, including three separate motions to vacate his sentence under 28 U.S.C. § 2255. See (Doc. 17, Ex. 1, United States v. Chestnut, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet at docket entry nos. 115, Mot. for Two Point Reduction; 116, Mot. for Downward Departure; 117, Mot. for Retroactive Appl. of Sentencing Guidelines; 145, Mot. to Reduce Sentence Rule 35(b); 154, Mot. for Retroactive Appl. of Sentencing Guidelines; 183, Mot. to Vacate under 28 U.S.C. § 2255;

189, Mot. to Am./Correct Sentence; 215, Mot. to Reduce Sentence/to Seek Relief under 18 U.S.C. 3582(c); 225, Mot. under Rule 52(b) (plain error); 226, Mot. to Correct Sentence/J.; 233, Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2); 235, Mot. to Suppress/Dismiss/Overturn Drug Conspiracy; 250, Letter Motion; 257, Mot. Challenging Sentence under 21 U.S.C. 851; 258, Mot. to Vacate under 28 U.S.C. § 2255; 283, Mot. to Vacate under 28 U.S.C. § 2255; 290, Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2); 319, Mot. Preserving Error under Rule 51(b); 334, Mot. to Am./Correct Sentence Pursuant to Rule 35(a)). The sentencing court denied all of Chestnut's motions. Id. at docket entry nos. 125, 137, 147, 158, 237, 254-255, 264, 287, 305, 323, 340.

Chestnut's first motion to vacate asserted that he was incorrectly classified as a career offender, that his criminal history was "over-represented," that trial counsel failed to object to his sentence enhancement as a career offender, and that his prior crack cocaine offense should not be constituted as a serious offense for the purposes of his sentence enhancement. See (Doc. 17, Ex. 2, Chestnut v. United States, No. 4:04-CR-1044 (D.S.C. Feb. 27, 2012)). The sentencing court dismissed the § 2255 motion because Chestnut failed to file it within the one-year statute of limitation and denied a certificate of appealability and also noted that Chestnut's claims had no merit. Id. After the dismissal of Chestnut's first § 2255 motion, the sentencing court also dismissed Chestnut's Rule 60(b) motion, two subsequent § 2255 motions, the motion under Rule 52(b), the motion to correct/amend sentence, and the motion to suppress/reduce/overturn drug conspiracy as successive § 2255

motions. See (Doc. 17, Ex. 1, <u>United States v. Chestnut</u>, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet at docket entry nos. 255, Order; 264, Order; and Ex. 2, <u>United States v. Chestnut</u>, No. 4:05-CR-1044 (D.S.C. 2012)).

Chestnut appealed the sentencing court's rulings and filed three additional motions with the Fourth Circuit Court of Appeals seeking leave to file second or successive § 2255 motions. See (Doc. 17, Ex. 1, <u>United States v. Chestnut</u>, No. 4:05-CR-1044 (D.S.C. 2006), Criminal Docket Sheet at docket entry nos. 141, Not. of Appeal (concerning docket entries 115, Motion to Two-Point Reduction and 117, Motion for Retroactive Application of Sentencing Guidelines); 269, Not. of Appeal (concerning docket entry 233, Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)); 292, Not. of Appeal (concerning docket entry 283, Motion to Vacate under 28 U.S.C. § 2255); 327, Not. of Appeal (concerning docket entry 319, Motion to Preserve Error under Rule 51(b)); Ex. 2, <u>In re: Raymond Edward Chestnut</u>, No. 12-158 (4th Cir. Apr. 6, 2012) (denying motion for second or successive application for relief under 28 U.S.C. § 2255); <u>In re: Raymond Edward Chestnut</u>, No. 12-203 (4th Cir. June 11, 2012) (same); and <u>In re: Raymond Edward Chestnut</u>, No. 13-228 (4th Cir. May 16, 2013) (same).

The United States Court of Appeals for the Fourth Circuit dismissed three of Chestnut's appeals and all three motions for leave to file second or successive § 2255 motion. See (Doc. 17, Ex. 2, <u>United States v. Raymond</u>, 319 F. App'x 259 (4th Cir. 2009) (concerning docket entry nos. 115, 117, 137); <u>United States v. Chestnut</u>, 475 F. App'x 870

(4th Cir. 2012) (concerning docket entry nos. 233, 254); United States v. Chestnut, No. 12-8105 (4th Cir. Apr. 29, 2013) (concerning docket entry nos. 283, 287); In re: Raymond Edward Chestnut, No. 12-158 (4th Cir, Apr. 6, 2012); In re: Raymond Edward Chestnut, No. 12-203 (4th Cir. June 11, 2012); In re: Raymond Edward Chestnut, No. 13-228 (4th Cir. May 16, 2013)).

Chestnut currently has three appeals pending before the Fourth Circuit Court of Appeals. See United States v. Chestnut, Fourth Circuit Case Nos. 13-6197, 13-6641, 13-6643.

## Discussion

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless— ...
> He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States vs. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court

where he was convicted and sentenced. See 28 U.S.C. § 2255(5) (stating that the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States vs. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke vs. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle vs. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris vs. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers vs. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). The petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack vs. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown vs. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition

must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

It is apparent that Chestnut's petition is not viable under 28 U.S.C. § 2241, as he is once again trying to challenge his conviction and sentence. Chestnut has already filed several motions pursuant to § 2255 in the District Court for the District of South Carolina. Additionally, he has filed requests in the Fourth Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion. However, his requests to file a second or successive § 2255 motion have been rejected by the Circuit Court. Accordingly, he has not presented any reason for allowing him to use section 2241. As noted, there must have been a limitation on scope or procedure in the section 2255 proceedings. Rejection of a petitioner's claims because they have already been litigated or are time-barred is not that type of qualifying limitation; rather it is a recognition that the court will not adjudicate claims that have already been addressed or are jurisdictionally unreachable. Additionally, Petitioner's lack of success in his 2255 proceedings does not establish that the remedy afforded by section 2255 was inadequate or ineffective for him, nor is any limitation he might now have in filing additional successive 2255 motions.

To the extent that Petitioner attempts to raise a Bailey challenge to his sentence, this Court is, likewise, without jurisdiction to entertain such a claim.

In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court held that, in order for a defendant to be convicted for using or carrying a firearm in relation to a drug

trafficking crime pursuant to 18 U.S.C. § 924(c)(1), the government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." Bailey, 516 U.S. at 150.

In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the petitioner had been convicted for violation of 18 U.S.C. § 924(c)(1) and sought to have his conviction vacated in light of the intervening precedent set down in Bailey. In Dorsainvil, the petitioner sought to amend his previous § 2255 petition, but the Third Circuit Court of Appeals denied the petitioner's attempt to file a second petition under § 2255 because he did not meet the strict requirements for filing a second § 2255 petition. Dorsainvil, 119 F.3d at 247–48.

But, the appellate court denied certification for leave to file a second petition without prejudice to the petitioner's right to file a habeas petition pursuant to § 2241, thereby leaving the door open for a § 2241 claim. The Court of Appeals was, however, careful to point out the narrow nature of its holding. The Court noted that § 2255 was not inadequate or ineffective as to the petitioner simply because he could not meet the gatekeeping requirements to file an amended § 2255 petition, but because of "Dorsainvil's unusual position- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The holding that § 2255 was inadequate or ineffective was, therefore, "a narrow one," limited to the "unusual situation" where Bailey was decided after the petitioner's first § 2255 petition was decided. Id. at 251–52.

8

The instant case does not fall within the narrow ambit of the holding in Dorsainvil. Petitioner had several opportunities to challenge his conviction. First, he could have done so on his direct appeal, which was taken after Bailey was decided. Furthermore, Petitioner had an opportunity to challenge his conviction in his previous § 2255 petitions in the District of South Carolina. These too were filed and decided after Bailey, also removing Petitioner from the situation envisioned in Dorsainvil. As such, Petitioner has not proven that § 2255 is inadequate or ineffective. Chestnut fails to meet the limited exception recognized in Dorsainvil, and his petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

An appropriate order will be issued.

Dated: November 27, 2013

_____
**United States District Judge**